UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WHARLEST JACKSON, § | |
| § | |
|   Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:19-CV-2925-B |
| § | |
| FARMERS NEW WORLD LIFE § | |
| INSURANCE COMPANY, § | |
| § | |
|   Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Farmers New World Life Insurance Company's Partial Motion to Dismiss (Doc. 13). For the reasons that follow, the Court **GRANTS** the motion. Plaintiff's Deceptive Trade Practices Act (DTPA) (Texas Business & Commercial Code § 17.46), Texas Insurance Code (Texas Insurance Code §§ 541.051, 541.052, 541.060, and 541.061), duty of good faith and fair dealing, and Prompt Payment of Claims Act (Texas Insurance Code § 541.058) claims are **DISMISSED WITHOUT PREJUDICE**.

## I.
## BACKGROUND[1]

This is a life-insurance dispute. Crystal Jackson purchased an insurance policy from Defendant Farmers New World Life Insurance Company ("the Policy") on January 25, 2017. Doc. 11, Am. Compl., ¶ 3. The Policy named Plaintiff Wharlest Jackson as the sole beneficiary of

---

[1]All facts are taken as true from Plaintiff's First Amended Complaint (Doc. 11) for purposes of this motion.

$250,000 upon Crystal Jackson's death. *Id.* Since the issuance of the Policy, all payments on the Policy have been timely paid, and the Policy remains in force. *Id.*

After the Policy was issued, Crystal Jackson died in a motorcycle accident. *Id.* ¶ 4. Plaintiff then made a timely claim under the Policy, but Defendant denied the claim. *Id.* Plaintiff claims that Defendant denied the claim on the grounds that Crystal Jackson made misrepresentations when she obtained the Policy, "despite the fact that it was Heather Jefferson, [Defendant's] own agent, who provided the information in the application and completed the application." *Id.*

Plaintiff alleges that Defendant made a pretextual investigation that denied Plaintiff's claim under the Policy. *Id.* ¶ 5. According to Plaintiff, if Defendant had conducted a truthful investigation, "it would have learned that there was no legal and/or factual basis to delay and refuse payment to Plaintiff and/or seek to void/cancel the Policy." *Id.*

Subsequently, Plaintiff brought five causes of action: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) Texas Insurance Code violations; (4) DTPA violations; and (5) Prompt Payment of Claims Act violations. *Id.* at 2–5.

Defendant then brought this motion to dismiss Plaintiff's claims based on the duty of good faith and fair dealing, Texas Insurance Code, DTPA, and Prompt Payment of Claims Act. *See* Doc. 13, Def.'s Mot., 1. All briefing has been filed, and the motion is ripe for review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim

-2-

upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and quotation marks omitted). "The court's review [under Rule 12(b)(6)] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim *and* referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (emphasis added) (citation omitted) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (cleaned up). And "[a]lthough dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

### III.
### ANALYSIS

Defendant believes that there are various grounds for dismissal of the at-issue claims: (1) Plaintiff does not have standing under the DTPA; (2) Plaintiff fails to plead reliance for his Texas Insurance Code and DTPA claims; (3) the Policy precludes a claim for misrepresentation; (4) Plaintiff fails to plead extra-contractual damages for his breach-of-the-duty-of-good-faith-and-fair-dealing claim; and (5) for Plaintiff's claims at issue, Plaintiff only recites the legal standard for the claims and thus fails to state claims upon which relief may be granted. Doc. 14, Def.'s Br., 1.

In sum, although Plaintiff has sufficiently pled that he is a consumer under the DTPA, Plaintiff fails to state a claim for violations of the DTPA, Texas Insurance Code, duty of good faith and fair dealing, and Prompt Payment of Claims Act. However, because this is the first time the Court has evaluated Plaintiff's claims on the merits, the Court dismisses these claims without prejudice.

A.  *Consumer Standing Under the DTPA*

Defendant first argues that Plaintiff does not have standing under the DTPA. Doc. 14, Def.'s Br., 5. "In order to recover under the DTPA, Plaintiff must establish that he is a consumer under the statute and that his consumption was the producing cause of his injuries." *McClung v. Wal-Mart*, 866 F. Supp. 306, 309 (N.D. Tex. 1994) (citation omitted). Whether Plaintiff is a consumer under the DTPA is a question of law. *Id.*

Under the DTPA, a consumer is:

> an individual, partnership, corporation, this state, or subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more,

or that is owned or controlled by a corporation or entity with assets of $25 million or more.

Tex. Bus. & Com. Code § 17.45(4).

"A party whose only relation to an insurance policy is to seek policy proceeds is not a 'consumer'" under the DTPA. *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 274 (Tex. 1995) (citation omitted). This is because such a party "do[es] not seek to purchase or lease any of the services of the insurer." *Id.* However, a party seeking policy proceeds may be considered a consumer "if the proceeds used to purchase the insurance policy were community funds" shared by the party who bought the policy and the beneficiary. *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 609 n.3 (Tex. App.—San Antonio 1996, no writ) (citation omitted).

Defendant argues that Plaintiff has not alleged that the Policy was purchased with community funds; rather, Defendant contends that "Plaintiff alleges that Crystal Jackson purchased the Policy and that [Plaintiff] is the sole beneficiary." Doc. 14, Def.'s Br., 7. Thus, Defendant asserts that Plaintiff has not established consumer standing under the DTPA. *Id.* at 8.

In response, Plaintiff argues that there is a presumption "that the Policy was purchased with community funds and is thus community property" because "[u]nder Texas law, property possessed by either spouse during or on dissolution of marriage is presumed to be community property." Doc. 19, Pl.'s Resp., 5 (citations omitted).

The Court agrees with Plaintiff. Under Texas law, "[p]roperty possessed by either spouse during or on dissolution of marriage is presumed to be community property." *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001) (alterations in original) (citation omitted). The Texas Supreme Court in *Barnett* explained that "this general rule applies to life insurance policies" and held that the life

insurance policy at issue in that case "[was] presumed to be community property because it was issued during the marriage . . . ." *Id.* (citation omitted).

Here, Crystal Jackson's life insurance policy lists Plaintiff as her "Spouse/Domestic Partner." *See* Doc. 18, Def.'s App., 24.[2] Thus, the Court finds that, at the motion-to-dismiss stage, the presumption that community funds were used to purchase the Policy applies, and thus Plaintiff has pled standing under the DTPA. *See Mendoza*, 932 S.W.2d at 609 n.3; *In re Katrina*, 495 F.3d at 205 ("The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (citation and quotation marks omitted).

Defendant argues that cases such as *Barnett* are inapposite because such cases "do not apply the presumption to the present question: whether the factual allegations pleaded are sufficient to allow the Court to reasonably infer that the Policy premiums were paid with community funds." Doc. 20, Def.'s Reply, 2. However, as the Court noted above, the Policy itself—which Defendant seeks to use to its advantage—establishes that Plaintiff and Crystal Jackson were married at the time the Policy was created, therefore invoking the community-property presumption.

Thus, the Court concludes that for the purposes of resolving this motion, Plaintiff has standing under the DTPA.

*B.    Failure to State Texas Insurance Code and DTPA Claims*

Defendant contends that Plaintiff's DTPA and Texas Insurance Code claims are conclusory

---

[2] The Court can consider the Policy, because "[d]ocuments attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Starling v. JPMorgan Chase Bank, N.A.*, 2013 WL 4494525, at *2 (N.D. Tex. Aug. 22, 2013) (quotation marks omitted) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

and simply recite the elements of those causes of action. Doc. 14, Def.'s Br., 10. Defendant also argues that these claims are subject to the heightened pleading standard of Rule 9(b) because the claims are based on alleged fraud. *Id.* at 9.

In response, Plaintiff summarizes his "pertinent facts" as follows: (1) Crystal Jackson wanted to obtain a life insurance policy; (2) Crystal Jackson then provided Defendant with medical information; (3) Defendant then issued the Policy; (4) Plaintiff and Crystal Jackson paid premiums on the Policy in reliance on Defendant's acceptance of the Policy; (5) Crystal Jackson then died in a motorcycle accident; and (6) Defendant then denied Plaintiff's claim "following its cursory investigation that disregarded the answers and information provided in" Crystal Jackson's application, "which answers and information notified [Defendant] of the same health conditions for which [Defendant] based its denial of Plaintiff's claim." Doc. 19, Pl.'s Resp., 8–9 (citing Doc. 11, Am. Compl., ¶¶ 3–5).

### 1.     Texas Insurance Code Sections 541.051 and 541.061 and DTPA

Sections 541.051 and 541.061 of the Texas Insurance Code prohibit misrepresentations made in connection with an insurance policy. *See* Tex. Ins. Code §§ 541.051, 541.061. Additionally, the elements of a DTPA claim are: "(1) the plaintiff is a consumer; (2) the defendant committed acts 'in connection with the purchase or lease of any goods or services'; (3) the defendant's acts were false, misleading or deceptive; and (4) the acts were a producing cause of plaintiff[']s injuries." *Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 843 (S.D. Tex. 2009) (citations omitted).

Plaintiff's factual allegations are insufficient to state a claim under the DTPA or §§ 541.051 or 541.061 of the Texas Insurance Code because Plaintiff has not sufficiently alleged a deceptive act or misrepresentation. For one, some of the factual allegations Plaintiff relies upon do not appear in

Plaintiff's amended complaint—for example, the complaint does not allege that Defendant "disregarded the answers and information provided in" Crystal Jackson's life insurance application; nor does it allege that Plaintiff and Crystal Jackson made payments in reliance on Defendant's acceptance of the application for the Policy. *Compare* Doc. 19, Pl.'s Resp., 8–9 *id.*, *with* Doc. 11, Am. Compl., ¶¶ 3–5.

What the amended complaint does say is that "[Defendant] conducted an outcome-oriented investigation," and that "[h]ad Defendant bothered to conduct a proper and reasonable investigation, it would have learned that there was no legal and/or factual basis to delay and refuse payment to Plaintiff and/or seek to void/cancel the Policy." Doc. 11, Am. Compl., ¶ 5. The amended complaint further alleges various misrepresentations and failures on the part of Defendant, but these allegations are devoid of facts detailing the misrepresentations allegedly made. *See, e.g.*, Doc. 11, Am. Compl., ¶ 12(d) (alleging that Defendant made "untrue statements of material fact relating to the Policy"); *id.* ¶ 12(f) (alleging that Defendant failed "to disclose a matter required by law to be disclosed regarding the Policy"). These allegations are "largely composed of legal conclusions couched as factual allegations, formulaic recitations of the elements of a cause of action, generic paraphrases of statutory language, and conclusory statements without supporting facts." *SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F. Supp. 2d 811, 821 (S.D Tex. 2011).

Thus, because he has not alleged a misrepresentation or deceptive act, Plaintiff has failed to state a claim under the DTPA or Texas Insurance Code §§ 541.051 and 541.061. These claims are **DISMISSED WITHOUT PREJUDICE**.

    2.    <u>Texas Insurance Code Section 541.052</u>

Section 541.052 of the Texas Insurance Code prohibits false information and advertising from

being published to the public. Tex. Ins. Code § 541.052(b). As discussed above, Plaintiff does not describe in factual detail the alleged misrepresentations or false statements that Defendant made—whether to Defendant or the public. *See supra* at 7–8.

Thus, Plaintiff has failed to state a claim under § 541.052 of the Texas Insurance Code. This claim is **DISMISSED WITHOUT PREJUDICE**.

   3.  <u>Texas Insurance Code Section 541.060</u>

Section 541.060 of the Texas Insurance Code prohibits unfair settlement practices. Tex. Ins. Code § 541.060. These include, among others:

> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
>
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement . . . ;
>
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim . . . ;
>
> (4) failing within a reasonable time to
>
>> (A) affirm or deny coverage of a claim to a policyholder;
>
> . . .
>
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim[.]

Tex. Ins. Code § 541.060.

Plaintiff's amended complaint merely restates this section of the Texas Insurance Code without providing factual detail of how Defendant committed unfair settlement practices. *See, e.g.*, Doc. 11, Am. Compl., ¶ 12(g) (alleging that Defendant failed "to attempt in good faith to effectuate

a prompt, fair, and equitable settlement of Plaintiff's life insurance claim"); *id.* ¶ 12(h) (alleging Defendant refused "to pay Plaintiff's life insurance claim without conducting a reasonable investigation"); *id.* ¶ 12(j) (alleging that Defendant did not "promptly giv[e] Plaintiff a reasonable explanation . . . for [Defendant's] delay and/or denial in payment of Plaintiff[']s claim under the Policy"); *id.* ¶ 12(k) (alleging Defendant did "[n]ot affirm[] or deny[] coverage . . . within a reasonable amount of time").

Regardless of the standard that the Court must apply—whether it be Rule 8(a) or 9(b)—Plaintiff has failed to meet his burden. The Court finds *SHS Investment v. Nationwide Mutual Insurance Company* instructive. *See* 798 F. Supp. 2d 811. In that case, like here, the plaintiff alleged misrepresentations and actionable conduct by the defendant, yet did not provide the court details of the conduct; instead, the plaintiff's allegations were vague and conclusory. *See SHS Inv.*, 798 F. Supp. 2d at 817 ("Plaintiff . . . contends that Defendant . . . denied at least part of [Plaintiff's insurance claims] without an adequate investigation."); *id.* at 819 ("[Plaintiff's] only allegation is vague and generic: '[Defendant] misrepresented to Plaintiff that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence.'"). The court, in dismissing the plaintiff's DTPA and Texas Insurance Code claims, explained that the plaintiff's complaint was "largely composed of legal conclusions couched as factual allegations, formulaic recitations of the elements of a cause of action, generic paraphrases of statutory language, and conclusory statements without supporting facts." *Id.* at 821. Especially applicable here is the court's point that the "Plaintiff fail[ed] to identify what was inadequate in [Defendant's] investigation," *id.*, and that questions that needed to be answered by the complaint included, "what would a reasonable investigation consist of, [and] what facts show that the investigation was

outcome-oriented[?]" *Id.* at 818 n.16.

Similarly, here, without more facts showing "[w]hat conduct by [Defendant] misrepresented what," see *id.* at 817 n. 10, how Defendant's investigation was outcome-oriented, and so forth, Plaintiff has failed to adequately state a claim under Texas Insurance Code § 541.060. As will be explained further below, the Court will give Plaintiff an opportunity to re-plead. The Court recommends that Plaintiff looks to footnotes 2–17 of *SHS Investment,* and that decision in general, for guidance on what the Court expects from a sufficiently pled complaint, both for a claim under § 540.060 of the Texas Insurance Code and the remainder of Plaintiff's claims at issue. *See id.* at 816–21.

This claim is **DISMISSED WITHOUT PREJUDICE**.

### 3. Proper pleading standard

Because the Court, as will be explained later, will give Plaintiff the opportunity to re-plead,[3] it deems it necessary to resolve the proper pleading standard for Plaintiff's DTPA and Texas Insurance Code Claims. The Court determines that insofar as Plaintiff pleads a Texas Insurance Code or DTPA claim based on the conduct alleged in paragraph 12(c) of his amended complaint, Plaintiff must do so under Rule 9's heightened pleading standard. As to his other allegations, Plaintiff need only satisfy Rule 8(a)(2)'s pleading requirements.

"Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.

---

[3] In light of the Court's dismissal without prejudice, the Court will not consider Plaintiff's Policy and Application-based arguments. *See* Doc. 14, Def.'s Br., 10. The Court finds it more appropriate to evaluate such arguments, if Defendant deems necessary, should Plaintiff decide to file a second amended complaint with added factual allegations.

2001) (citation omitted). In the context of DTPA and Texas Insurance claims, the court in *SHS Investments* explained that:

> Where [t]he factual background of claims is substantively identical, causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches all cases where the gravaman of the claim is fraud even though the theory supporting the claim is not technically termed fraud.

798 F. Supp. 2d at 815 (alterations in original) (citations and quotation marks omitted).

Here, the Court concludes that the allegations in paragraph 12(c) are based in fraud—specifically, nondisclosure and fraudulent inducement. *See* Doc. 11, ¶ 12(c) (alleging that Defendant's "failure to disclose was intended to induce Crystal [Jackson] to enter into a transaction"). Thus, although "the theory supporting the claim is not technically termed fraud," "the gravaman of the claim is fraud." *SHS Invs.*, 798 F. Supp. 2d at 815 (alterations in original) (citations and quotation marks omitted).

However, Plaintiff's other DTPA and Texas Insurance Code allegations are not based in fraud. These include the allegations in paragraph 12(a)–(b), and (d)–(l). *See* Doc. 11, Am. Compl.

In *Abbey v. Preston H.O.A. v. Admiral Insurance Company*, the court noted that "although a misrepresentation is an element of [the plaintiff's] Insurance Code and DTPA claims, fraud is not. Thus, Rule 9(b) does not apply." *See* 2013 WL 12137742, at *2 (N.D. Tex. July 29, 2013) (citations omitted). Here, in the at-issue allegations, like in *Abbey*, Plaintiff alleges Defendant made misrepresentations—not that Defendant committed fraud. *See* Doc. 11, Am. Compl., ¶¶ 12(a)–(b), (d)–(g).

Additionally, the allegations in paragraph 12 (g)–(l) are based on alleged wrongful refusal of the Policy without a reasonable investigation. *See id.* ¶ 12(g)–(l). Those allegations are not based on

fraudulent conduct and do not need to be pled under Rule 9(b)'s heightened pleading standard.

Therefore, insofar as Plaintiff pleads a Texas Insurance Code or DTPA claim based on the conduct alleged in paragraph 12(c) of his amended complaint, Plaintiff must do so under Rule 9's heightened pleading standard. As to his other allegations, Plaintiff need only satisfy Rule 8(a)(2)'s pleading requirements.

D.    *Duty of Good Faith and Fair Dealing*

Next, Defendant seeks dismissal of Plaintiff's breach-of-the-duty-of-good-faith-and-fair-dealing claim. Doc. 14, Def.'s Br., 12. Defendant believes that Plaintiff's claim is characterized by "legal conclusions" that "simply track the elements of" a breach-of-the-duty-of-good-and-fair-dealing claim. *Id.* at 13. Specifically, Defendant contends that Plaintiff has failed to show facts that demonstrate "that 'there [was] no reasonable basis for denial of [the] claim or delay in payment or a failure on the part of [Defendant] to determine whether there is any reasonable basis for the denial or delay.'" *Id.* at 12 (quoting *Arnold v. Nat'l Cty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). Additionally, Defendant argues that to sustain such a claim, Plaintiff must also plead extra-contractual damages, which Defendant contends Plaintiff did not do. *Id.* at 13–14.

In response, Plaintiff asserts that his amended complaint contains facts that support the conclusion that Defendant conducted an "unreasonable investigation resulting in the denial of [Plaintiff's] claim without a reasonable basis[.]" Doc. 19, Pl.'s Resp., 15. Plaintiff states that there was:

> no inquiry or determination of [Crystal Jackson's] intent to deceive, no investigation as to whether any alleged error on the Application is a result of a mistake [or] carelessness, no acknowledgement [sic] of [Defendant's] knowledge of the medical information disclosed on the Application, and no investigation into what its agent Heather knew.

*Id.* Plaintiff himself notes that his arguments for why his DTPA and Texas Insurance Code claims should be sustained "apply equally to Plaintiff's claim for breach of the duty of good faith and fair dealing." *Id.*

Plaintiff also asserts that he need not plead extra-contractual damages for his claim because the claims are "often 'largely interwoven'" with insurance contract-based claims. *Id.* at 14 (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018)).

To sustain a breach-of-the-duty-of-good-faith-and-fair-dealing claim in relation to an insurance policy, a plaintiff must "allege[] that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay." *Arnold*, 725 S.W.2d at 167.

Here, Plaintiff does no more than recite this legal standard. *See* Doc. 11, Am. Compl., ¶ 5 ("Based on its failure to conduct a proper and reasonable investigation, [Defendant] refused payment to Plaintiff without a reasonable legal and/or factual basis."); *id.* ¶ 10 ("[Defendant] breached the common law duty of good faith and fair dealing by denying the claim without a reasonable basis and by failing to conduct a reasonable investigation . . . . [Defendant] also breached its duty by unreasonably delaying payment of the claims and failing to settle said claim when it knew or should have known that it was reasonably clear that the claim was covered."). Although the facts Plaintiff points to in his response, *see* Doc. 19, Pl.'s Resp., 8–9, may sustain a breach-of-the-duty-of-good-faith-and-fair-dealing claim, those facts are found nowhere in the amended complaint and thus cannot be considered in this motion to dismiss.[4] *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333,

---

[4] The Court in no way means to imply that if such facts were pled, that the allegations would be sufficient. The Court does not analyze these allegations, as they are outside the complaint.

338 (5th Cir. 2008) (citation omitted) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint[.]"). Plaintiff's allegations as set forth in his complaint are conclusory and insufficient at the motion-to-dismiss stage. *See SHS Inv.*, 798 F. Supp. 2d at 818 (finding that an allegation that defendant breached the duty of good faith and fair dealing by "failing to adequately and reasonably investigate and evaluate Plaintiff's claims" was "conclusory and mentions abstract elements of the cause of action without showing facts that demonstrate their existence").

Accordingly, Defendant's motion to dismiss Plaintiff's breach-of-the-duty-of-good-faith-and-fair-dealing claim is granted. The claim is **DISMISSED WITHOUT PREJUDICE**.[5]

E.      *Prompt Payment of Claims Act*

Finally, Defendant seeks dismissal of Plaintiff's Prompt Payment of Claims Act claim. Doc. 14, Def.'s Br., 14. Defendant argues that Plaintiff's amended complaint fails to show "*how* [Defendant's] investigation was improper and untimely and *how* its rejection of the claims was wrongful." *Id.* (emphasis in original). Defendant also notes how "Plaintiff . . . fails to allege any relevant date or dates, which would be necessary to allege when payment was ostensibly required." *Id.* at 14–15.

Plaintiff argues that he has pled that he timely made a claim under the Policy, and that Defendant "failed to pay the claim within 60 days," therefore violating the Prompt Payment of Claims Act. Doc. 19, Pl.'s Resp., 15–16. *Id.*

---

[5] The Court need not decide whether Plaintiff is required to plead extra-contractual damages to sustain this claim, as he has already done so. *See* Doc. 11, Am. Compl., ¶ 18 (alleging that Plaintiff suffered "mental anguish" from "Defendant's knowing and/or intentional misconduct"). Although Defendant casts doubt on this allegation, see Doc. 14, Def.'s Mot., 14, Plaintiff's allegations are taken as true for the purposes of this motion.

Plaintiff alleges that Defendant violated § 542.051 of the Texas Insurance Code. Doc. 11, Am. Compl., ¶ 15. However, that section is the definitions section of the Prompt Payment of Claims Act. *See* Tex. Ins. Code § 542.051. Plaintiff also mentions § 542.058, which states that:

> Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items provided by Section 542.060.

Tex. Ins. Code § 542.058.

Plaintiff alleges that Defendant violated the Prompt Payment of Claims Act "by failing to properly and timely investigate the claim in compliance with the Act, and by failing to pay said claim." Doc. 11, Am. Compl., ¶ 15; *see also id.* ¶ 16 ("[Defendant's] wrongful rejection of the claim necessarily means it failed to pay within 60 days, thus constituting an automatic violation of Section 542.058.").

Under Chapter 542 of the Texas Insurance Code, a plaintiff must show: (1) "a claim under an insurance policy," (2) "for which the insurer is liable," and (3) "the insurer failed to follow one or more sections of Chapter 542 with respect to the claim." *U.S. Fire Ins. Co. v. Lynd Co.*, 399 S.W.3d 206, 220 (Tex. App.—San Antonio 2012, no pet.); *Hamilton Props. v. Am. Ins. Co.*, 2014 WL 30555801, at *12 (N.D. Tex. July 7, 2014) (citation omitted). However, as this Court has already concluded, Plaintiff has failed to allege facts that show how Defendant's rejection of Plaintiff's claim was wrongful. *See supra* Section III.B–C. Thus, Plaintiff has failed to allege element (2), and therefore element (3), of a Prompt Payment of Claims Act claim. *See U.S. Fire Ins. Co.*, 399 S.W.2d at 220.

Therefore, Plaintiff does not state a claim for a Prompt Payment of Claims Act violation.

That claim is hereby **DISMISSED WITHOUT PREJUDICE**.

F.  *Granting Leave to Amend*

Plaintiff requests leave to amend should the Court dismiss any of his claims. Doc. 19, Pl.'s Resp., 17. Defendant opposes this request, arguing that Plaintiff has already amended his complaint once. Doc. 20, Def.'s Reply, 9. Although that is true, "this is the first time the [C]ourt has addressed whether [his] pleadings sufficiently state a claim on which relief can be granted." *Jamison v. Fluor Fed. Sols., LLC*, 2017 WL 3215289, at *11 (N.D. Tex. July 28, 2017) (alterations in original) (citation omitted). Further, the Fifth Circuit has noted with approval that "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable . . . ." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Thus, the Court dismisses Plaintiff's DTPA, Texas Insurance Code, Prompt Payment of Claims Act, and breach-of-the-duty-of-good-faith-and-fair-dealing claims without prejudice "to ensure that the Court's final decision is based not on the sufficiency of his pleadings but the merits of his claims[.]" *Jamison*, 2017 WL 3215289, at *11 (citation omitted).

## IV.

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's DTPA, Texas Insurance Code, Prompt Payment of Claims Act, and breach-of-the-duty-of-good-faith-and-fair-dealing claims **WITHOUT PREJUDICE**. The Court **ORDERS** Plaintiff to file his second amended complaint within 21 days of this Order.

SO ORDERED.

SIGNED: May 12, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-18-